BERTIE PINKEY-FURR HOLLOMAN AND DAVID R. HOLLOMAN, PLAINTIFFS V. JESSIE H. HARRELSON, EXECUTOR OF THE ESTATE OF RUTH B. SYKES, JESSIE H. HARRELSON, INDIVIDUALLY, AND WIFE, DOROTHY J. HARRELSON, DOROTHY BURNSIDE, MAGNOLIA O. HILTON, MICHAEL A. STEVENS AND WIFE, MARGARET MASTIN STEVENS, BRANCH BANKING AND TRUST, DEFENDANTS

No. COA01-481

(Filed 16 April 2002)

### Estates— claim against estate for personal services—sufficiency of evidence

The trial court did not err by granting defendants' motions to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6) in plaintiffs' action against decedent's estate seeking a sum in excess of $10,000 for personal services allegedly rendered to decedent based on the fact that the notice of claim filed by plaintiffs did not comply with N.C.G.S. § 28A-19-1(a), because: (1) plaintiffs failed to state the amount or item claimed, and a claim for a sum in excess of $10,000 is not definite enough to satisfy the statute; (2) plaintiffs failed to state the basis for their claim with particularity since they did not specify the dates upon which their alleged services were rendered, the specific service performed, or the charge for such service; and (3) plaintiffs did not seek to correct their insufficient notice of claim, and a claim which is not presented to the personal representative by the date specified in the general notice to creditors is forever barred against the estate, the personal representative, the collector, their heirs, and the devisees of the decedent, N.C.G.S. § 28A-19-3.

Appeal by plaintiffs from orders entered 6 February 2001, 13 February 2001, and 16 February 2001 by Judge W. Douglas Albright in Randolph County Superior Court. Heard in the Court of Appeals 14 February 2002.

*Ottway Burton, P.A., by Ottway Burton, for plaintiff-appellants.*

*Frederick M. Dodge, II, for defendant-appellees Jesse H. Harrelson, Executor, Jesse H. Harrelson, individually, and wife, Dorothy J. Harrelson.*

*O'Briant, Bunch & Robins, by W. Edward Bunch, for defendant-appellee Dorothy Burnside.*

**HOLLOMAN v. HARRELSON**

[149 N.C. App. 861 (2002)]

*Lori J. Williams for defendant-appellee Magnolia O. Hilton.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Randall A. Underwood and Jennifer T. Harrod, for defendant-appellees, Michael A. Stevens, Margaret Mastin Stevens and Branch Banking and Trust.*

MARTIN, Judge.

Plaintiffs filed this action seeking judgment against defendants for a sum in excess of $10,000 for personal services allegedly rendered to Ruth B. Sykes, who is deceased. All defendants filed answers to the complaint and motions to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure for plaintiffs' failure to state a claim upon which relief may be granted. Defendants' motions to dismiss were granted by the trial court and plaintiffs appeal.

The decedent, Ruth B. Sykes, a citizen and resident of Randolph County, died testate on 21 June 1999. On 24 June 1999, defendant, Jesse H. Harrelson, was appointed executor of decedent's estate. Defendants (Jesse H. Harrelson, Dorothy Burnside, and Magnolia O. Hilton) were named as heirs in decedent's will.

In his capacity as executor, Jesse Harrelson improperly placed a notice to claimants in the *High Point Enterprise*, a newspaper of general circulation in Guilford County. The notice indicated that all claims against the estate of Ruth B. Sykes were required to be filed by 30 September 1999. Since decedent had been a resident of Randolph County at the time of her death, the executor correctly readvertised a notice to creditors in *The Courier-Tribune*, a newspaper of general circulation in Randolph County. This second notice required that claims against decedent's estate be filed by 1 January 2000.

Though plaintiffs alleged that they presented a notice of claim to the executor, on 25 September 1999, their notice of claim was not filed with the Clerk of Superior Court of Randolph County until 29 December 1999. Plaintiffs' notice of claim does not state any specific amount alleged to be due, but simply demands "the sum in excess of $10,000." Plaintiffs' claim against decedent's estate purports to be for personal services performed by plaintiffs for decedent during the three and a half years prior to her death.

On 19 January 2000, Jesse Harrelson, as executor, rejected plaintiffs' notice of claim. Harrelson gave the following reasons for rejecting the notice of claim: the claims did not have basis in fact; the

claims sought an unreasonable amount for the services described; the claims failed to describe with particularity the dates services were provided, the amount of service expended, and the charges for the services; the claims did not detail the basis by which the deceased agreed to pay for such services; and decedent's estate did not have sufficient assets to pay the claims.

Decedent owned real property, described as Lots 42 and 43 of Manor Ridge in Randolph County, at the time of her death. A deed from Jesse Harrelson, individually and in his capacity as executor of the estate, his wife, Dorothy J. Harrelson, and the other heirs, Dorothy Burnside and Magnolia O. Hilton, to defendants, Michael A. Stevens and his wife, Margaret Mastin Stevens, for this property was signed on 1 and 4 October 1999 and recorded in the Office of the Register of Deeds of Randolph County. The grantees, Mr. and Mrs. Stevens, executed a deed of trust in favor of Branch Banking and Trust Company to secure repayment of a loan in the amount of $27,000.

After their claim was rejected by the executor, plaintiffs filed a complaint on 8 May 2000 seeking damages in excess of $10,000 against the named defendants for services allegedly provided by plaintiffs to Ruth B. Sykes. Plaintiffs did not allege that they performed these services pursuant to an agreement or contract with decedent; instead, they alleged that they performed these services with the expectation of payment therefor. Plaintiffs alleged that, after they presented Mrs. Sykes' executor with the notice of claim, he, with full knowledge of the scope and extent of plaintiffs' claim, distributed all of decedent's personal property to himself and his wife, Dorothy Harrelson, and to defendants Magnolia Hilton and Dorothy Burnside. Plaintiffs alleged that such personal property should have been sold and that the proceeds of such sale would have been sufficient to pay their claim.

Plaintiffs also allege that on 8 October 1999, Jesse Harrelson, Dorothy Harrelson, Dorothy Burnside, and Magnolia Hilton, with full knowledge of the scope and extent of plaintiffs' claim, sold the real property owned by decedent to defendants Michael and Margaret Stevens and divided the proceeds of the sale among decedent's heirs. Plaintiffs allege that the proceeds from this sale were sufficient to satisfy plaintiffs' pending claim. In addition to damages, plaintiffs sought to set aside the deed to the Stevens, and for the deed of trust to be stricken from the record book in the Randolph County Register of Deeds Office.

The sole issue on appeal is whether the trial court erred in granting defendants' motions to dismiss plaintiffs' complaint under N.C.R. Civ. P. 12(b)(6). Our standard of review of an order allowing a motion to dismiss is "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not." *Harris v. NCNB Nat'l Bank of N.C.*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987). In ruling upon such a motion, the complaint is to be liberally construed, and the court should not dismiss the complaint "unless it appears beyond doubt that [the] plaintiff could prove no set of facts in support of his claim which would entitle him to relief." *Dixon v. Stuart*, 85 N.C. App. 338, 340, 354 S.E.2d 757, 758 (1987).

To present a proper claim against a decedent's estate, a claimant must comply with the provisions of G.S. § 28A-19-1(a), which require that a written statement of the claim be hand delivered or mailed to the personal representative or to the clerk of court. G.S. § 28A-19-1(a) specifically requires that

> [a] claim against a decedent's estate must be in writing *and state the amount or item claimed, or other relief sought, the basis for the claim,* and the name and address of the claimant. . . . (emphasis added)

The notice of claim filed by plaintiffs in the instant case did not comply with the statute. First, plaintiffs failed to "state the amount or item claimed." Plaintiffs notice of claim, stating only a claim for a sum "in excess of $10,000.00," is not definite enough to satisfy the statute. Additionally, plaintiffs failed to state the basis for their claim with particularity. Plaintiffs claimed that they were entitled to payment for the following personal services:

> domestic duties in and about the dwelling of the deceased as well as numerouse [sic] other services relating to the running of a household and caring for personal individual healthcare services. That these services also relate to general errand runnings [sic] for shopping and providing transportation to and from facilities that provide personal services, medicines and food.

Plaintiffs did not specify the dates upon which such services were rendered, the specific service expended, or the charge for such service. Plaintiffs only stated that they were demanding payment for services rendered from 1 January 1996 through 22 June 1999.

Therefore, plaintiffs did not present a proper notice of claim under G.S. § 28A-19-1(a).

A claim which is not presented to the personal representative pursuant to G.S. § 28A-19-1 by the date specified in the general notice to creditors is forever barred against the estate, the personal representative, the collector, the heirs, and the devisees of the decedent. N.C. Gen. Stat. § 28A-19-3(a) (1999). Plaintiffs in the present case did not seek to correct their insufficient notice of claim against Ms. Sykes' estate to comply with G.S. § 28-19-1 at any time prior to 1 January 2000. Therefore, their claim is barred and the trial court correctly granted defendants' motions to dismiss.

Affirmed.

Judges HUDSON and CAMPBELL concur.