JAMES AND CATHY BOWMAN, PLAINTIFFS v. ALAN VESTER FORD LINCOLN MERCURY AND JOANN ROBINSON, DEFENDANTS/THIRD PARTY PLAINTIFFS v. GREENSBORO AUTO AUCTION, INC. AND MIKE'S AUTO SALES, INC., THIRD PARTY DEFENDANTS

No. COA01-987

(Filed 6 August 2002)

### 1. Appeal and Error— appealability—motion to dismiss—substantial right

Although an appeal from the grant of a motion to dismiss is generally an appeal from an interlocutory order, the right to avoid the possibility of two trials on the same issues affects a substantial right and allows an immediate appeal of an order allowing a motion to dismiss defendants' third-party claim against a third-party defendant.

### 2. Indemnity— contribution—motion to dismiss—failure to state claim

The trial court did not err by granting third party defendant's motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6) the third party complaint by defendants for indemnity and contribution under N.C.G.S. § 20-71.4(a) and N.C.G.S. § 20-348(a) based on third party defendant's failure to disclose the fact that a car it sold to defendants had been involved in a collision, because: (1) defendants failed to allege fraud on the part of third party defendant; (2) there is no allegation that third party defendant made any representation to defendants, much less a representation recklessly and without regard for its truth; (3) defendants have cited no authority in their brief to support a negligence claim against third party defendant even though the complaint asserted vague allegations of negligence in these causes of action; and (4) defendants failed to allege that third party defendant had any duty to make this disclosure.

### 3. Costs— attorney fees—sanction—error to award

The trial court erred by awarding attorney fees to third party defendant as a sanction against defendants, because: (1) the trial court made no findings of misconduct, malpractice, deficiency in character, or dereliction of duty; and (2) the order suggests nothing tending to show that the second hearing was necessitated by misconduct amounting to more than mere negligence or mismanagement.

Appeal by defendants/third party plaintiffs from judgment entered 10 May 2001 by Judge Steve A. Balog in Halifax County Superior Court. Heard in the Court of Appeals 21 May 2002.

> *Teague, Rotenstreich & Stanaland, L.L.P., by Kenneth B. Rotenstreich and Paul A. Daniels, for defendant/third party plaintiff-appellants.*

> *Randolph and Fischer, by J. Clark Fischer, and Edward L. Powell, for third party defendant-appellee Mike's Auto Sales, Inc.*

HUDSON, Judge.

Alan Vester Ford Lincoln Mercury and Joann Robinson (collectively, "defendants") appeal from an order of the superior court granting the motion by third-party defendant Mike's Auto Sales, Inc. ("Mike's") to dismiss defendants' third-party complaint for failure to state a claim upon which relief may be granted, *see* N.C.R. Civ. P. 12(b)(6), and awarding attorneys fees. For the reasons given below, we affirm in part and reverse in part.

The facts alleged in the third-party complaint, which are taken as true on a motion to dismiss for failure to state a claim, *see Holloman v. Harrelson*, 149 N.C. App. 861, 864, 561 S.E.2d 351, 353 (2002), tend to show the following. In 1997, Mike's purchased a 1996 Chevrolet Cavalier that had been seriously damaged in a collision. Mike's repaired the vehicle and sold it to Greensboro Auto Auction, Inc., which in turn sold the vehicle to defendants. Defendants subsequently sold the Chevrolet to the plaintiffs in this case.

On 29 September 2000, the plaintiffs filed a lawsuit against defendants, alleging, *inter alia*, that Defendant Robinson, an agent and/or employee of Defendant Alan Vester Ford Lincoln Mercury, made false, misleading, and deceptive representations regarding the vehicle, that defendants knew or should have known that these representations were false, misleading, and deceptive, and that the representations were made with an intent to deceive.

Defendants filed an answer and a third-party complaint against Greensboro Auto Auction, Inc., and Mike's. The relevant allegations and claims are discussed below. Mike's filed a motion to dismiss the third-party claims against it.

BOWMAN v. ALAN VESTER FORD LINCOLN MERCURY

[151 N.C. App. 603 (2002)]

The motion to dismiss was scheduled to be heard on 30 April 2001, but counsel for defendants was not present. After hearing argument from counsel for Mike's, the court granted the motion to dismiss.

On 3 May 2001, defendants' counsel contacted the court, and, with the consent of the parties, the court set the motion to dismiss for hearing on 7 May 2001. Counsel for defendants informed the court that he had called the clerk of court on the morning of 30 April 2001 and asked that the court be advised that he had a conflict and could not be at the hearing. The court was not so advised. Defendants' counsel did not contact counsel for Mike's on that day.

After hearing from both parties on the motion to dismiss, the trial court granted the motion to dismiss and ordered defendants to pay attorney fees in the amount of the reasonable additional expenses incurred by Mike's in undergoing a second hearing. Defendants appeal.

[1] The order from which defendants appeal "does not dispose of the entire controversy between all parties," and is thus interlocutory. *Hudson-Cole Dev. Corp. v. Beemer*, 132 N.C. App. 341, 344, 511 S.E.2d 309, 311 (1999). Although an interlocutory order is generally not immediately appealable, *see id.*, defendants assert that the order from which they appeal is immediately appealable because it affects defendants' substantial right to "prevent[] separate trials of the same factual issues." *Id.*, 511 S.E.2d at 312; *see Davidson v. Knauff Ins. Agency*, 93 N.C. App. 20, 25, 376 S.E.2d 488, 491, *disc. review denied*, 324 N.C. 577, 381 S.E.2d 772 (1989).

In *Beemer*, the plaintiff filed suit against the defendant/third-party plaintiff alleging, *inter alia*, that the defendant/third-party plaintiff was negligent in executing a subordination agreement on behalf of the plaintiff. The defendant/third-party plaintiff filed a third-party complaint against the third-party defendants alleging that they induced him to execute the agreement through fraud and/or negligent misrepresentation. The third-party defendants alleged in defense that the defendant/third-party plaintiff was contributorily negligent in executing the agreement. The trial court granted the motion to dismiss by one of the third-party defendants, and the defendant/third-party plaintiff sought immediate appeal. *See Beemer*, 132 N.C. App. at 342-43, 345, 511 S.E.2d at 310-12. We held that

delaying the appeal [would] prejudice [the defendant/third-party plaintiff's] substantial right to have the same factual issues tried

before a single jury. . . . If [the defendant/third-party plaintiff] is not permitted immediate review of the order dismissing his claims against [one of the third-party defendants], he may ultimately face a second trial on the issue of whether he too acted negligently in executing the subordination agreement.

*Id.* at 345, 511 S.E.2d at 312. Thus, "[d]ue to the possibility of inconsistent verdicts should this case be tried in two separate proceedings," we held that the appeal was "not premature." *Id.*

Here, as in *Beemer*, there is a common factual issue in the plaintiffs' claim and the defendants' third-party claim: whether Mike's disclosed the condition of the Chevrolet to defendants. The plaintiffs alleged that defendants made misrepresentations that "were false, misleading and deceptive," and engaged in "actions and/or commissions . . . [that] were calculated and intended to deceive and mislead Plaintiff [sic]." Defendants defend by alleging that they did not know the condition of the Chevrolet they sold to the plaintiffs because Mike's did not inform them of the Chevrolet's condition. Defendants' third-party claim against Mike's is also based on the allegation that Mike's failed to disclose the condition of the Chevrolet. Thus, under *Beemer*, the defendants are entitled to an immediate appeal. Accordingly, we consider the merits of defendants' appeal.

**[2]** Defendants argue that the trial court erred in granting Mike's motion to dismiss their third party complaint pursuant to N.C.R. Civ. P. 12(b)(6).

> Our standard of review of an order allowing a motion to dismiss is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not. In ruling upon such a motion, the complaint is to be liberally construed, and the court should not dismiss the complaint unless it appears beyond doubt that [the] plaintiff could prove no set of facts in support of his claim which would entitle him to relief.

*Holloman*, 149 N.C. App. at 864, 561 S.E.2d at 353 (internal quotation marks and citations omitted) (alteration in original). "A complaint may be dismissed pursuant to Rule 12(b)(6) if no law exists to support the claim made, if sufficient facts to make out a good claim are absent, or if facts are disclosed which will necessarily defeat the claim." *Burgess v. Your House of Raleigh*, 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990). "A complaint is not sufficient to withstand a

motion to dismiss if an insurmountable bar to recovery appears on the face of the complaint. Such an insurmountable bar may consist of an absence of law to support a claim, an absence of facts sufficient to make a good claim, or the disclosure of some fact that necessarily defeats the claim." *Al-Hourani v. Ashley*, 126 N.C. App. 519, 521, 485 S.E.2d 887, 889 (1997) (citation omitted).

Here, defendants alleged two causes of action in their third-party complaint: indemnity and contribution. Specifically, the third party complaint states:

## FIRST CAUSE OF ACTION

### X.

Even if the Defendants/Third Party Plaintiffs were careless and negligent in any of the respects alleged in the Complaint, which alleged actionable negligence is again expressly denied, then, in that event, any action on the part of the Defendants/Third Party Plaintiffs was passive and secondary and was insulated and superseded by the active, primary and intervening negligence on behalf of the Third Party Defendants, individually or collectively, who failed to inform the Defendants/Third Party Plaintiffs that the 1996 Chevrolet Cavalier . . . had been involved in a collision and had, upon information and belief, been damaged to the extent that the cost of repair exceeded 25% of its fair market value; and the aforementioned acts on behalf of the Third Party Defendants were active and primary and intervening and superseded and insulated the negligent acts, if any, of the Defendants/Third Party Plaintiffs in proximately causing and producing Plaintiff's [sic] alleged injuries and damages; and in the event that the Plaintiff [sic] is adjudged entitled to recover damages from the Defendants/Third Party Plaintiffs, then, in that event, the Defendants/Third Party Plaintiffs are entitled to recover full and complete indemnity from the Third Party Defendants, individually or collectively, in this action.

## SECOND CAUSE OF ACTION

### XI.

Alternatively, in the event that the Plaintiff [sic] is adjudged entitled to recover damages from the Defendants/Third Party Plaintiffs in this action, based on any alleged negligence or misrepresentation, which is again specifically denied, then the aforementioned negligence and/or misrepresentation by the Third

Party Defendants joined, concurred and cooperated with the negligent actions or misrepresentations, if any, on behalf of the Defendants/Third Party Plaintiffs in proximately causing and producing Plaintiff's [sic] alleged injuries and damages; and in the event that the Plaintiff [sic] is adjudged entitled to recover damages from the Defendants/Third Party Plaintiffs, then, in that event, the Defendants/Third Party Plaintiffs are entitled to recover of the Third Party Defendants, individually and collectively, contribution as provided in Chapter 1B of the North Carolina General Statutes.

Neither indemnity nor contribution are independent causes of action: the right to either indemnity or contribution is predicated on the parties being joint tortfeasors. *See* N.C. Gen. Stat. § 1B-1 (2001) ("Right to contribution."); *Clemmons v. King*, 265 N.C. 199, 201, 143 S.E.2d 83, 85 (1965) ("An original defendant may. not invoke the statutory right of contribution against another party in a tort action unless both parties are liable as joint tort-feasors to the plaintiff in the action." (citation omitted)); *Ingram v. Insurance Co.*, 258 N.C. 632, 635, 129 S.E.2d 222, 225 (1963) ("Where two persons are jointly liable in respect to a tort, one being liable because he is the active wrongdoer, and the other by reason of constructive or technical fault imposed by law, the latter, if blameless as between himself and his co-tortfeasor, ordinarily will be allowed to recover full indemnity over against the actual wrongdoer." (internal quotation marks omitted)). Thus, if defendants failed to allege that Mike's committed some tort against the plaintiffs, then defendants' claim must fail.

Defendants argue that they properly alleged that Mike's violated N.C. Gen. Stat. § 20-71.4 (2001), which provides in relevant part as follows:

It shall be unlawful and constitute a Class 2 misdemeanor for any transferor who knows or reasonably should know that:

(1) A motor vehicle up to and including five model years old has been involved in a collision or other occurrence to the extent that the cost of repairing that vehicle exceeds twenty-five percent (25%) of its fair market retail value at the time of the damage . . .

to fail to disclose that fact in writing to the transferee prior to the transfer of the vehicle. Failure to disclose any of the above information will also result in civil liability under G.S. 20-348. . . .

N.C.G.S. § 20-71.4(a). Significantly, N.C.G.S. § 20-71.4(a) creates only criminal liability. Civil liability is governed by N.C. Gen. Stat. § 20-348 (2001), which provides in relevant part as follows:

> Any person who, *with intent to defraud*, violates any requirement imposed under this Article shall be liable in an amount equal to the sum of:
>
> (1) Three times the amount of actual damages sustained or one thousand five hundred dollars ($1,500), whichever is the greater; and
>
> (2) In the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court.

N.C.G.S. § 20-348(a) (emphasis added). In order to properly plead a cause of action under N.C.G.S. § 20-71.4(a) and N.C.G.S. § 20-348(a), a plaintiff must allege fraudulent intent in addition to a violation of the provisions of N.C.G.S. § 20-71.4(a).

In order to survive a motion to dismiss pursuant to N.C.R. Civ. P. 12(b)(6) on a fraud claim, the party alleging fraud must include allegations in the complaint "that the defendants knew the representation was false or made the representation recklessly and without regard for its truth." *Braun v. Glade Valley School, Inc.*, 77 N.C. App. 83, 87, 334 S.E.2d 404, 407 (1985). Here, defendants did not allege fraud on the part of Mike's. Defendants' factual allegations against Mike's, in their entirety, are as follows:

V.

During the calendar year of 1997, Third Party Defendant Mike's Auto Sales, Inc., purchased a 1996 Chevrolet Cavalier, . . . which said vehicle, upon information and belief, and unknown to the Defendants/Third Party Plaintiffs, had been involved in a collision.

VI.

Subsequent to purchasing the vehicle, Third Party Defendant Mike's Auto Sales, Inc., made repairs to the vehicle, upon information and belief, which repairs totaled, upon information and belief, 40% of fair market value of the vehicle at the time that said repairs were made, which said repairs and damage was unknown to the Defendants/Third Party Plaintiffs.

## VII.

Subsequent to making the repairs to the vehicle, Third Party Defendant Mike's Auto Sales, Inc., sold the 1996 Chevrolet Cavalier . . . to Third Party Defendant Greensboro Auto Auction, without disclosing that the vehicle had prior damage or had been involved in a collision to the extent that the damage to the vehicle exceeded 25% of its fair market value; or, in the alternative, did, in fact, disclose such information, but did not place said information on the appropriate forms promulgated by the North Carolina Department of Motor Vehicles.

There is no allegation here that Mike's made any representation to defendants, much less that Mike's made a representation "recklessly and without regard for its truth." *Id.* Accordingly, defendants, having failed to `allege that Mike's acted with fraudulent intent, have not properly stated a claim for relief pursuant to N.C.G.S. § 20-71.4(a) and N.C.G.S. § 20-348(a).

Defendants cite *Payne v. Parks Chevrolet, Inc.*, 119 N.C. App. 383, 458 S.E.2d 716 (1995), and *Wilson v. Sutton*, 124 N.C. App. 170, 476 S.E.2d 467 (1996), *disc. review denied*, 345 N.C. 354, 483 S.E.2d 192 (1997), in support of their contention that they have properly alleged a cause of action pursuant to these statutes. However, these cases support our holding that civil liability requires pleading both N.C.G.S. § 20-71.4(a) and N.C.G.S. § 20-348(a). The plaintiffs in *Payne* alleged that the defendant had violated both N.C.G.S. § 20-71.4(a) and N.C.G.S. § 20-348(a). *See Payne*, 119 N.C. App. at 384, 458 S.E.2d at 717. The verdict sheet contained the question, "did the defendant . . . act with such gross negligence or recklessness in its dealings with plaintiff as to indicate an intent to defraud him?" *Id.*, 458 S.E.2d at 718. Similarly, in *Wilson*, the jury found that the defendants intended to defraud the plaintiff. *See Wilson*, 124 N.C. App. at 173, 476 S.E.2d at 469.

Defendants' third-party complaint asserted vague allegations of negligence in the causes of action for indemnity and contribution. However, defendants have cited no authority in their brief to support a negligence claim against Mike's. Defendants allege only that Mike's failed to disclose the fact that the Chevrolet had been involved in a collision, yet they have not alleged that Mike's had any duty to make this disclosure. *See, e.g., Stamm v. Salomon*, 144 N.C. App. 672, 680-81, 551 S.E.2d 152, 158 (2001) (quoting with approval an instruction to the jury that " 'A person has a duty to disclose all facts

material to a transaction or event where he is a fiduciary, he has made a partial or incomplete representation, [or] he is specifically questioned about them.'" (alteration in original)), *disc. review denied*, 355 N.C. 216, 560 S.E.2d 139 (2002). Accordingly, we conclude that the trial court did not err in granting the motion to dismiss for failure to state a claim upon which relief may be granted.

Defendants additionally argue that the trial court erred in granting the motion to dismiss on the ground that the third-party complaint failed to give Mike's sufficient notice of the nature and basis of the claim against it. We need not consider this alleged error, however. We held above that the motion to dismiss was properly granted on the ground that the third-party complaint failed to state a claim upon which relief may be granted. "Since the motion to dismiss can be sustained on [this ground], it is unnecessary to review the dismissal further." *Becker v. Graber Builders, Inc.*, 149 N.C. App. 787, 792, 561 S.E.2d 905, 909 (2002).

[3] Finally, defendants argue that the trial court erred in awarding attorneys fees. The relevant part of the trial court's order states as follows:

> IN ADDITION, THE COURT FINDS that the Third Party Defendant, Mike's Auto Sales, Inc., has had to endure additional expenses in this matter that were in no way the fault of said Third Party Defendant, but rather were caused by the failure of the Third Party Plaintiffs and their counsel to notify Third Party Defendant's counsel concerning a conflict on April 30, 2001 and causing a second hearing of this matter. The Court finds that the Third Party Plaintiffs and their counsel shall bear the reasonable additional expenses incurred by Third Party Defendant, Mike's Auto Sales, Inc., which the Court determines to be the sum of $600.00, which shall be paid to the attorney for the Third Party Defendant, Edward L. Powell, upon entry of this Order.

The award of attorneys fees here was a sanction against defendants. As such, this part of the interlocutory order does not affect a substantial right and hence, is not immediately appealable. *See Cochran v. Cochran*, 93 N.C. App. 574, 577, 378 S.E.2d 580, 582 (1989) (stating that an order granting attorney fees is interlocutory and does not affect a substantial right); *Routh v. Weaver*, 67 N.C. App. 426, 428, 313 S.E.2d 793, 795 (1984) (stating that an order imposing sanctions is interlocutory). Although defendants have not met their burden of demonstrating that a substantial right will be compromised without

an immediate appeal of this issue, *see Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994), we have, in our discretion and in the interest of judicial economy, reviewed the award of attorneys fees.

The general rule in this State is that a successful litigant cannot recover attorneys fees absent statutory authority. *See, e.g., Delta Env. Consultants of N.C. v. Wysong & Miles Co.*, 132 N.C. App. 160, 167, 510 S.E.2d 690, 695, *disc. review denied*, 350 N.C. 379, 536 S.E.2d 70 (1999). However, we have held that the trial court has authority to impose a sanction of attorneys fees against an attorney who violates the Rules of General Practice for the Superior and District Courts and the Rules of Professional Conduct. *See Couch v. Private Diagnostic Clinic*, 146 N.C. App. 658, 665, 554 S.E.2d 356, 362 (2001), *disc. review denied and appeal dismissed*, 355 N.C. 348, 563 S.E.2d 562 (2002). We upheld the lower court's determination that trial courts have "inherent authority to sanction attorneys for misconduct, which sanctions may include the imposition of attorney's fees, irrespective of statutory authority," and we explained that "this inherent authority encompasses not only the power but also the duty to discipline attorneys, who are officers of the court, for unprofessional conduct." *Id.* at 665-66, 554 S.E.2d at 362 (internal quotation marks omitted). "Unprofessional conduct subject to this power and duty includes misconduct, malpractice, or deficiency in character, and any dereliction of duty *except mere negligence or mismanagement*." *In re Hunoval*, 294 N.C. 740, 744, 247 S.E.2d 230, 233 (1977) (internal quotation marks and citation omitted) (emphasis added).

Mike's did not cite any statutory authority for the imposition of attorneys fees here; rather, Mike's argues that the trial court assessed the fees in the exercise of its inherent authority. However, the trial court made no finding of misconduct, malpractice, deficiency in character, or dereliction of duty. Here, the court's order suggests nothing tending to show that the second hearing was necessitated by misconduct amounting to more than "mere negligence or mismanagement." Accordingly, we believe the court erred in awarding the attorneys fees to Mike's, and we reverse this part of the order.

Affirmed in part and reversed in part.

Judges GREENE and BIGGS concur.