MICHAEL J. DOWNEY, Plaintiff-Appellee,
v.
RICKY MARTIN and CONNIE MARTIN, Defendants-Appellants.
No. COA08-1380
Court of Appeals of North Carolina.
Filed June 2, 2009
Van Winkle, Buck, Wall, Starnes & Davis, P.A., by Michelle Rippon, for Plaintiff-Appellee.
Soboleski Law, PC, by Sean D. Soboleski, for Defendants-Appellants.
McGEE, Judge.
Michael J. Downey (Plaintiff) bought a 1990 BMW (the vehicle) from Ricky Martin and Connie Martin (Defendants) on 26 November 2007. Approximately five months later on 5 May 2008, Plaintiff filed a complaint in small claims court against Defendants alleging Defendants violated N.C. Gen. Stat. § 20-71.4(a)(2) by selling to Plaintiff the vehicle without first informing Plaintiff in writing that the vehicle was a "total loss claim vehicle." Plaintiff requested that the trial court cancel the sale contract for the vehicle, return the vehicle to Defendants, and order Defendants to refund the vehicle purchase price to Plaintiff. A magistrate ordered Defendants to return the vehicle purchase price of $4,500.00 to Plaintiff on 27 May 2008. Defendants appealed the magistrate's order to district court that same day. The trial court heard Plaintiff's action on 9 July 2008 and held that Defendants did not comply with N.C. Gen. Stat. § 20-71.4(a)(2). In an order filed 6 August 2008, the trial court ordered Defendants to pay Plaintiff $4,500.00 and ordered Plaintiff to return and transfer title of the vehicle to Defendants. Defendants filed notice of appeal on 26 August 2008.
Defendants argue the trial court erred in concluding that Defendants did not comply with N.C. Gen. Stat. § 20-71.4(a)(2). Defendants further argue that even if they did not comply with N.C. Gen. Stat. § 20-71.4(a)(2), the trial court erred in finding for Plaintiff because Plaintiff did not prove Defendants acted with an intent to defraud.
The "standard of . . . review for a decision rendered in a non-jury trial is whether there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment." Sessler v. Marsh, 144 N.C. App. 623, 628, 551 S.E.2d 160, 163 (citing G.R. Little Agency, Inc. v. Jennings, 88 N.C. App. 107, 362 S.E.2d 807 (1987)), disc. review denied, 354 N.C. 365, 556 S.E.2d 577 (2001). Our Court reviews questions of law de novo. Maxwell v. Michael P. Doyle, Inc., 164 N.C. App. 319, 323, 595 S.E.2d 759, 762 (2004).
N.C. Gen. Stat. § 20-71.4(a)(2) states:
(a) It shall be unlawful for any transferor of a motor vehicle to do any of the following:
. . . .
(2) Transfer a motor vehicle when the transferor has knowledge that the vehicle is, or was, a flood vehicle, a reconstructed vehicle, or a salvage motor vehicle, without disclosing that fact in writing to the transferee prior to the transfer of the vehicle.
N.C. Gen. Stat. § 20-71.4(a)(2) (2007).
"N.C.G.S. § 20-71.4(a) creates only criminal liability. Civil liability is governed by N.C. Gen. Stat. § 20-348."Bowman v. Alan Vester Ford Lincoln Mercury, 151 N.C. App. 603, 609, 566 S.E.2d 818, 822 (2002). N.C. Gen. Stat. § 20-348 states:
(a) Any person who, with intent to defraud, violates any requirement imposed under this Article shall be liable in an amount equal to the sum of:
(1) Three times the amount of actual damages sustained or one thousand five hundred dollars ($1,500), whichever is the greater; and
(2) In the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court.
N.C. Gen. Stat. § 20-348 (2007) (emphasis added).
In order to succeed in a cause of action under N.C.G.S. § 20-71.4 and N.C.G.S. § 20-348(a), Plaintiff must prove: (1) that Defendants violated the provisions of N.C.G.S. § 20-71.4(a) and (2) that Defendants had a fraudulent intent. See Bowman, 151 N.C. App. at 609, 566 S.E.2d at 823 (affirming dismissal of the defendants' claim because the defendants failed to allege fraudulent intent); Imports, Inc. v. Credit Union, 37 N.C. App. 121, 126, 245 S.E.2d798, 801 (1978) (holding a mere technical failure to comply with the disclosure requirement of the vehicle mileage act was not sufficient to succeed in an action for damages).
In the present case, the trial court did not make a finding of fact that Defendants acted with the intent to defraud. Rather, the trial court held in its fifth conclusion of law: "[Plaintiff] is not entitled to treble damages or attorney fees under [N.C.G.S. § 20-348] in that there was no intent to defraud by [Defendants]." (emphasis added). Therefore, even if Defendants failed to comply with N.C.G.S. § 20-71.4(a), we find the trial court erred in granting Plaintiff relief because Plaintiff failed to prove that Defendants acted with an intent to defraud. Thus, the trial court's order granting Plaintiff relief is reversed.
Reverse and remand.
Judges ROBERT C. HUNTER and BEASLEY concur.