An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-157

Filed 20 August 2025

Mecklenburg County, No. 24CV015331-590

AIZHONG LEI, Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY, Defendant.

Appeal by plaintiff from order entered 10 June 2024 by Judge James Thomas Davis in Mecklenburg County Superior Court. Heard in the Court of Appeals 31 July 2025.

> *Plaintiff-appellant Aizhong Lei, pro se.*
>
> *Broughton Wilkins Sugg & Thompson, PLLC, by Benjamin E. Thompson, III, for defendant-appellee.*

ZACHARY, Judge.

Plaintiff Aizhong Lei appeals from the trial court's order granting Defendant GEICO General Insurance Company's motion to dismiss pursuant to N.C.R. Civ. P. 12(b)(6). After careful review, we affirm.

## I.  Procedural Background

This dispute arose as the result of a two-vehicle collision between Plaintiff and

another driver, which occurred in a parking lot at the Biltmore Estate in Asheville, North Carolina, in April 2023. On 3 April 2024, Plaintiff filed a pro se complaint against Defendant "to initiate a lawsuit on insurance fraud of GEICO General Insurance Company." On 9 April 2024, Defendant filed a motion to dismiss Plaintiff's complaint pursuant to N.C.R. Civ. P. 12(b). That same day, Plaintiff filed a "motion to confirm insurance fraud." On 10 June 2024, the trial court entered an order granting Defendant's motion pursuant to Rule 12(b)(6) and dismissing Plaintiff's complaint.

Plaintiff timely filed notice of appeal.

**II.    Discussion**

The dispositive issue on appeal is whether the trial court erred in granting Defendant's motion to dismiss pursuant to Rule 12(b)(6).

"Appellate courts review de novo an order granting a Rule 12(b)(6) motion to dismiss." *Taylor v. Bank of Am., N.A.*, 382 N.C. 677, 679, 878 S.E.2d 798, 800 (2022). "[U]nder de novo review, the appellate court as the reviewing court considers the Rule 12(b)(6) motion to dismiss anew: It freely substitutes its own assessment of whether the allegations of the complaint are sufficient to state a claim for the trial court's assessment." *Id.*

"A complaint is not sufficient to withstand a motion to dismiss if an insurmountable bar to recovery appears on the face of the complaint." *Bowman v. Alan Vester Ford Lincoln Mercury*, 151 N.C. App. 603, 606–07, 566 S.E.2d 818, 821

(2002) (citation omitted). "Such an insurmountable bar may consist of an absence of law to support a claim, an absence of facts sufficient to make a good claim, or the disclosure of some fact that necessarily defeats the claim." *Id.* at 607, 566 S.E.2d at 821 (citation omitted).

Our General Statutes provide that a company commits insurance fraud against an insurance claimant when, in relevant part, it "[p]resent[s] or cause[s] to be presented a written or oral statement . . . knowing that the statement contains false or misleading information concerning any fact or matter material to the claim." N.C. Gen. Stat. § 58-2-161(b)(1) (2023).

Our review of the complaint in this case establishes that Plaintiff failed to allege that Defendant knowingly made a "statement contain[ing] false or misleading information concerning any fact or matter material to the claim." *Id.* Accordingly, Plaintiff's complaint was "not sufficient to withstand [Defendant's] motion to dismiss." *Bowman*, 151 N.C. App. at 606–07, 566 S.E.2d at 821 (citation omitted).

Moreover, Rule 28(b)(6) of our Rules of Appellate Procedure "requires the appellant's brief to include an argument, to contain the contentions of the appellant with respect to each issue presented." *K2HN Constr. NC, LLC v. Five D Contractors, Inc.*, 267 N.C. App. 207, 213, 832 S.E.2d 559, 564 (2019) (cleaned up). This Rule also provides that "[i]ssues . . . in support of which no reason or argument is stated . . . will be taken as abandoned." N.C.R. App. P. 28(b)(6). "This Court has routinely held an issue to be abandoned where an appellant presented argument without citations

to the authorities upon which the appellant relied." *Town of Forest City v. Florence Redevelopment Partners, LLC*, 292 N.C. App. 86, 97, 896 S.E.2d 653, 660 (2024).

Here, Plaintiff's appellate brief contains glancing references to N.C. Gen. Stat. §§ 1-569 and 58-2-161, but no legal argument. "It is not the role of the appellate courts to create an appeal for an appellant. It is likewise not the duty of the appellate courts to supplement an appellant's brief with legal authority or arguments not contained therein." *Kabasan v. Kabasan*, 257 N.C. App. 436, 443, 810 S.E.2d 691, 697 (2018) (cleaned up). Plaintiff's challenges to the trial court's order are abandoned.

For the foregoing reasons, we affirm the trial court's order granting Defendant's Rule 12(b)(6) motion to dismiss.

AFFIRMED.

Judges TYSON and GRIFFIN concur.

Report per Rule 30(e).