MYRON SILVERMAN v. GEORGE TATE, JR., D/B/A/ TATE CONSTRUCTION CO.

No. 8215SC480

(Filed 19 April 1983)

1. **Rules of Civil Procedure § 55— entry of default—showing defendant's failure to answer**

    An entry of default was not improper because plaintiff failed to file an affidavit attesting to defendant's failure to answer since G.S. 1A-1, Rule 55(a) does not require proof of defendant's failure to answer solely by affidavit but permits the clerk to act upon any proof which he or she deems appropriate, including the record alone.

2. **Rules of Civil Procedure § 55.1— setting aside entry of default—failure to show good cause**

    Defendant failed to show good cause for setting aside an entry of default against him where defendant asserted that he had taken the complaint and summons to his insurance agent who assured him that everything would be taken care of, but plaintiff filed an unrebutted affidavit by his attorney that he had discussed the case with defendant's attorney before seeking an entry of default.

**3. Rules of Civil Procedure § 55— entry of default—jurisdictional proof not required**

Proof of jurisdiction over a nonappearing defendant is required by G.S. 1-75.11 only when a default judgment is to be entered against such defendant but is not required for an entry of default.

**4. Contracts § 29.2— defective roof repairs—measure of damages**

In an action to recover damages for defective work in repairing a roof, the trial court properly permitted plaintiff to recover 54% of the amount plaintiff paid another contractor to replace the entire roof plus an amount for the repair of structural water damage where the evidence showed that defendant's work covered approximately 54% of the roof area; the initial repair to plaintiff's roof made by defendant failed and defendant made two subsequent attempts to repair the roof; the roof developed large blisters in the area repaired by defendant, indicating the emergence of water under the blisters; the roof should have lasted for several years had defendant properly performed the work; and the work performed by the second contractor was necessary to assure that the roof would not continue to leak.

APPEAL by defendant from *Martin, Judge.* Judgment entered 26 January 1982 in Superior Court, ORANGE County. Heard in the Court of Appeals 16 March 1983.

Appeal from judgment by defendant who cites as error the repeated denial of his motions to set aside an entry of default.

*Haywood, Denny & Miller, by Michael W. Patrick, for plaintiff-appellee.*

*Levine, Stewart & Tolton, by Michael D. Levine and John Stewart, for defendant-appellant.*

HILL, Judge.

On 23 November 1979, defendant entered into a written contract for $1,300.00 to repair a portion of plaintiff's leaking roof. Defendant scraped gravel off a 400-500 square foot area of the roof, applied tar and replaced the gravel. When defendant later learned that the roof had resumed leaking, he made further repairs. Plaintiff determined subsequently that defendant's repairs were defective, causing deterioration of the roof and requiring him to expend an additional $5,618.00. Plaintiff's attorney, by letters dated 30 April 1981, 15 May 1981, and 23 June 1981, advised defendant of the need for additional repairs and asked defendant to contact him. Defendant did not reply. On 5 August 1981, plaintiff filed a complaint in which he alleged defendant's

defective work and sought $5,618.00 in damages. Defendant failed to file an answer. On 10 September 1981, the Clerk of Orange County Superior Court filed an entry of default against defendant pursuant to G.S. 1A-1, Rule 55(a).

In support of his 14 October 1981 motion to set aside the entry of default, defendant by affidavit asserted that he had taken the complaint and summons to his insurance agent at the Chapel Hill Communities Insurance Company who had assured defendant he would "take care of everything." The "next thing [he] knew," defendant received a court calendar showing the case scheduled for hearing the week of 26 October 1981. Defendant gave the calendar to his insurance agent who had been discussing the case with plaintiff's attorney. On 7 October 1981, defendant, formerly unaware that his insurance company had "not taken any steps to defend this case," referred the matter to his attorney.

In opposition to defendant's motion, plaintiff's attorney submitted an affidavit showing substantially that he had written and mailed the previously mentioned letters to defendant; that in July 1981 defendant's attorney contacted him, but they were unable to reach an acceptable settlement; that suit was filed in August 1981 with entry of default taken on 10 September 1981; that no one contacted him after institution of the suit until 1 October 1981, when an insurance agent for Reliance Insurance Company, defendant's insurer, called him. Defendant had contacted the agent on 1 October 1981 after he received the court calendar. The trial judge denied defendant's motion, concluding that defendant failed to show good cause to set aside the entry of default.

On 3 December 1981, plaintiff notified defendant that he would "bring on this action for hearing to assess damages to permit entry of default judgment" on 19 January 1982. Defendant renewed his motion to set aside the entry of default and contended that a default judgment against him would contravene G.S. 1A-1, Rule 55(a) and G.S. 1-75.11.

Defendant offered at hearing and renews on appeal two arguments for setting aside the entry of default: (1) plaintiff did not file, as required by G.S. 1A-1, Rule 55(a), an affidavit attesting to defendant's failure to answer; and (2) entry of default violated the provisions of G.S. 1-75.11 which requires proof of jurisdiction over a nonappearing defendant before entry of a judgment by de-

fault. We find that the defendant has misconstrued the former statute and misapplied the latter. Therefore, we hold that the court properly denied defendant's motions to set aside the entry of default.

[1] "When a party against whom a judgment for affirmative relief is sought has failed to plead . . . and that fact is made to appear by affidavit, motion of attorney for the plaintiff, *or otherwise*, the clerk *shall* enter his default." G.S. 1A-1, Rule 55(a) (emphasis ours). Rule 55(a) plainly does not require proof solely by affidavit; the clerk may act upon any proof he or she deems appropriate, including the record alone. Shuford, N. C. Civil Practice and Procedure 2d, Default, § 55-3, p. 423.

[2] To set aside an entry of default, good cause must be shown. *Crotts v. Pawn Shop*, 16 N.C. App. 392, 192 S.E. 2d 55, *cert. denied*, 282 N.C. 425, 192 S.E. 2d 835 (1972). Thus, the question before this Court is whether the trial judges below abused their discretion in finding defendant failed to show good cause to set aside the entry of default. We find the trial judges ruled properly. Plaintiff asserted that he had discussed the case with defendant's attorney before seeking entry of default, an allegation not rebutted by defendant. We conclude that there was ample evidence from which the court may have found that defendant was negligent in establishing promptly any defenses he may have had.

[3] Unlike entry of judgment by default, entry of default does not require submission of jurisdictional proof. *See* G.S. 1A-1, Rule 55(b), G.S. 1-75.11 and Shuford, *id.* The clerk of court properly entered a default based on the existing proof of defendant's inaction. *See* G.S. 1A-1, Rule 55(a). Defendant was served personally on 6 August 1981. The record before the clerk of court indicated the date of filing of the lawsuit and that the necessary time had passed before plaintiff's motion for entry of default was made. Plaintiff's attorney orally moved for entry of default, a widely-used practice approved by our courts. *See Sawyer v. Cox*, 36 N.C. App. 300, 244 S.E. 2d 173, *disc. rev. denied*, 295 N.C. 467, 246 S.E. 2d 216 (1978). The record revealed that no answer by defendant had been filed as of the date of plaintiff's motion. We conclude the language of G.S. 1-75.11 indicates that proof of jurisdiction is required only when a *judgment* is to be entered against a nonappearing defendant. Such proof is not required for an entry of default.

The courts below appropriately denied defendant's motion to set aside the entry of default. There being no clear abuse of discretion, the denial of defendant's motions must stand. *See Britt v. Georgia-Pacific Corp.*, 46 N.C. App. 107, 264 S.E. 2d 395 (1980).

**[4]**  We turn finally to defendant's contention that the trial court applied an incorrect rule of damages in making its award to plaintiff. This assignment likewise is overruled.

The initial repair to plaintiff's roof made by defendant failed, and defendant made two subsequent attempts to repair the roof. The roof developed large blisters, indicating the emergence of water under the blister. Plaintiff retained Pickard Roofing Company to replace the entire roof at a total cost of $5,018.00. The defendant's original work covered approximately 54 per cent of the area later covered by Pickard. The trial judge awarded plaintiff an amount equal to 54 per cent of the total cost less $600.00, which represents the cost of sloping the roof, a structural change.

Defendant contends plaintiff got what he bargained for — a patch job. Pickard testified plaintiff's roof might have lasted several years had defendant properly performed his contract. Defendant further argues plaintiff failed to show that the damages were the natural and probable result of defendant's action; and that plaintiff failed to establish his loss with reasonable certainty. *Goforth v. Jim Walters, Inc.*, 20 N.C. App. 79, 201 S.E. 2d 51 (1973); *Pike v. Trust Co.*, 274 N.C. 1, 161 S.E. 2d 453 (1968).

A basic principle underlying decisions regarding the measure of damages for defective performance of building and construction contracts is that the parties are entitled to the benefit of their bargain, or an equivalent thereof. *Silver v. Board of Transportation*, 47 N.C. App. 261, 267 S.E. 2d 49 (1980).

"What the equivalent is depends upon the circumstances of the case. In a majority of jurisdictions, where the defects are such that they may be remedied without the destruction of any substantial part of the benefit which the owner's property has received by reason of the contractor's work, the equivalent to which the owner is entitled is the cost of making the work conform to the contract. But where, in order to conform the work to the contract requirements, a substantial part of what has been done must be undone, and the contrac-

tor has acted in good faith, or the owner has taken possession, the latter is not permitted to recover the cost of making the change, but may recover the difference in value."

*Robbins v. Trading Post, Inc.*, 251 N.C. 663, 666, 111 S.E. 2d 884, 887 (1960). A corollary of the foregoing principle is that the parties injured by breaches of contract are entitled to be placed as nearly as possible in the positions they would have occupied had their contracts been properly performed. *Coley v. Eudy*, 51 N.C. App. 310, 276 S.E. 2d 462 (1981). A second basic principle is that special contract damages must have been foreseeable at the time the contract was entered into as natural or contemplated results of a breach. *See Stanback v. Stanback*, 297 N.C. 181, 254 S.E. 2d 611 (1979).

In the case before us, the evidence showed the presence of water beneath the roof which caused blistering. The defendant had agreed to repair the roof to eliminate water. This he failed to do. It was reasonably foreseeable that areas of the house beneath the roof would be damaged if water were permitted to enter.

The trial judge found:

Each of the items performed by Pickard Roofing Company, Inc., except the work it did in sloping the roof by installing fibreboard insulation for which it charged Six Hundred Dollars ($600.00), was required to repair the roof because of the defective repair by defendant.

Defendant did not except to this finding. He did except to finding of fact #15, which states:

Plaintiff has established by the greater weight of the evidence that he has suffered damages in the amount of One Hundred Two Dollars and Forty-four Cents ($102.44) for the repair of structural damages and Two Thousand Seven Hundred Nine Dollars and Seventy-two Cents ($2,709.72) for the additional repairs to his roof, said sum being 54% of the sum of Five Thousand Eighteen Dollars ($5,018.00).

The question before us is whether the evidence in the record is sufficient to establish with reasonable certainty the damages awarded by the trial judge. *See Huff v. Thornton*, 287 N.C. 1, 213 S.E. 2d 198 (1975). James Pickard of Pickard Roofing Company

testified that all the repair work he had performed in 1981 was necessary to assure the roof would not continue to leak. He further testified that the cost of repairing the 540 square foot area was proportional to the total cost of the job. We conclude this formula is adequate, since the cost of sloping the roof had been eliminated from the cost of repair. This assignment is overruled.

We find no error in the award of $102.44 for replacement of the wooden structural materials beneath the roof. Plaintiff testified no wooden structural damages existed when defendant first repaired the house. Pickard testified the damage he found later had been caused by water. One may reasonably conclude in the absence of other factors that the repaired roof had leaked. The cost of repair is established in the record.

The judgment of the trial court is

Affirmed.

Judges WELLS and JOHNSON concur.