FRED G. WILSON, JR. AND RACHEL PATRICIA WESTBROOK, PLAINTIFF-APPELLEES V. ROBERT SUTTON, ROBERT SUTTON MOTORS, INC., JAMES W. HAM AND JAMES W. HAM D/B/A HAM'S USED CARS AND HAM'S BODY SHOP, DEFENDANT-APPELLANTS

No. COA95-824

(Filed 15 October 1996)

**Automobiles and Other Vehicles § 227 (NCI4th); Evidence and Witnesses § 43 (NCI4th)— sale of wrecked van—damage disclosure certificate not supplied—DMV inspection certification**

The trial court properly denied the Sutton defendants' motion for judgment notwithstanding the verdict in an action arising from the sale of a previously wrecked van where the jury found for the plaintiffs and the trial court trebled damages for unfair and deceptive acts and practices and for intent to defraud. A motion for judgment notwithstanding the verdict is treated as a renewal of a prior motion for directed verdict. The evidence, considered in the light most favorable to plaintiffs, shows that the van had been appraised as a total loss after a collision; defendant Sutton received a Damage Disclosure Statement that the van had been damaged by collision to the extent that the damages exceeded twenty-five percent of its fair market retail value at the time of the collision; defendant Sutton did not disclose to plaintiffs that the van had been damaged by collision; and the van was not more than five model years old when plaintiffs purchased it in March 1992. Although the Sutton defendants argue that the DMV

**WILSON v. SUTTON**

[124 N.C. App. 170 (1996)]

inspector's examination of the van and verification as to the cost of defendant Ham's purchase of repair parts and use of those parts in the repair of the van should create a conclusive presumption that the repairs did not exceed twenty-five percent of the van's fair market value and that the Sutton defendants were therefore in complete compliance with the statutory process, the presumption that a public officer has performed his duty cannot be used as proof of an independent and material fact. Moreover, the DMV inspector testified that he had no opinion as to whether the cost of defendant Ham's repairs to the van was reasonable. N.C.G.S. § 20-71.4.

**Am Jur 2d, Judgments §§ 330, 331.**

Appeal by defendants Robert Sutton and Robert Sutton Motors, Inc., from judgment entered 24 January 1995 by Judge Howard R. Greeson in Wayne County Superior Court. Originally heard in the Court of Appeals 17 April 1996.

Defendants Robert Sutton and Robert Sutton Motors, Inc., filed a Petition for Rehearing of our decision filed 6 August 1996, dismissing their appeal in this case. On 17 September 1996, we withdrew our original opinion and allowed the Petition for Rehearing pursuant to Rule 31 of the North Carolina Rules of Appellate Procedure for the purpose of considering the merits of the appeal.

The case arises out of plaintiffs' purchase of a 1989 Plymouth Voyager van from defendant Robert Sutton, owner and operator of the car dealership Robert Sutton Motors, Inc., in Goldsboro, North Carolina (hereinafter collectively referred to as "the Sutton defendants"). Defendants, James W. Ham and his businesses, Ham's Used Cars and Ham's Body Shop (hereinafter collectively referred to as "the Ham defendants") are in the van's chain of title.

Plaintiffs filed a complaint seeking compensatory and punitive damages, alleging that they were not given a written damage disclosure statement that the van had been involved in a collision to the extent that the cost of the van's repairs exceeded twenty-five percent of its fair market retail value in violation of G.S. § 20-71.4. Plaintiffs also alleged that defendants' conduct constituted unfair and deceptive acts and practices in violation of G.S. § 75-1.1.

After filing answers denying plaintiffs' allegations, all defendants moved for summary judgment. The trial court granted the Ham

defendants' motion for summary judgment and denied the Sutton defendants' summary judgment motion. The trial court also denied the Sutton defendants' motion for judgment on the pleadings.

Briefly summarized, the evidence at trial tended to show the following: James A. Heikkila purchased the Plymouth Voyager van as a new vehicle on 6 July 1989. In June 1991, the van was involved in an accident. Mr. Heikkila's insurance company assessed the van's damages at $7,500.00, declared it a total loss, and paid Mr. Heikkila $12,500.00 for the van. Upon taking ownership of the vehicle, the insurance company secured in its name a salvage certificate of title from the North Carolina Department of Motor Vehicles (DMV), and then assigned ownership of the van to a salvage company. The salvage company sold the van to Crutchfield Garage, who in turn, sold the van to defendant Ham.

According to defendant Ham's records, he rebuilt the van for $1,518.07 and secured a new certificate of title for the vehicle from DMV. The certificate of title did not show that the vehicle was a salvage vehicle or that it had been damaged in excess of twenty-five percent of its fair market retail value. After defendant Ham's wife used the van for a short period of time, he sold it to defendant Sutton for $8,500.00. When defendant Sutton purchased the van, he received the new certificate of title and a Damage Disclosure Statement. On the Damage Disclosure Statement, defendant Ham certified and defendant Sutton acknowledged that the van had been damaged by collision to the extent that the damages exceeded twenty-five percent of its value at the time of the collision.

Thereafter, defendant Sutton sold the van to plaintiffs for $11,000.00. Both plaintiffs testified that, at the time of their purchase, no disclosures were made to them as to whether the van had or had not been damaged. After they had owned the van for approximately a month, plaintiffs experienced problems with its transmission. Plaintiff Wilson also testified that the van's tires wear out faster on the right side than on the left side; that attempts to have the front-end of the van "lined up" have been unsuccessful; and that when the van turns left or right, the right front tire "rubs."

The Sutton defendants offered evidence, including the testimony of Robert Sutton and James Ham, tending to show that the damage to the van did not exceed twenty-five percent of its fair market value. Robert Sutton also testified that a DMV officer had certified the repairs to have been properly done, and, therefore, Sutton did not dis-

close the damage to plaintiffs. The DMV officer testified that he had inspected the vehicle, had verified that Mr. Ham had purchased parts necessary for the repairs to the van and that the parts had been used in the repairs that were made. Based on the officer's report, DMV had issued a title which did not indicate that the van was a salvage vehicle. However, the DMV officer did not have an opinion as to whether the cost of repairs as represented by Mr. Ham was a reasonable price for the repairs to the van.

The Sutton defendants' motions for directed verdict at the close of plaintiffs' evidence and at the close of all the evidence were denied. The jury found that: (1) the van had been damaged in excess of twenty-five percent of its fair market retail value; (2) the Sutton defendants failed to disclose this fact to plaintiffs in writing, and intended to defraud plaintiffs; and (3) plaintiffs were injured as a proximate result of the Sutton defendants' conduct in the amount of $3,300.00. The trial court entered judgment for plaintiffs and trebled the damages awarded, first, for violation of unfair and deceptive acts and practices under G.S. § 75-1.1, and second, for intent to defraud under G.S. § 20-348(a). The trial court denied the Sutton defendants' motion, pursuant to G.S. § 1A-1, Rule 50(b) for judgment notwithstanding the verdict, and in the alternative, for a new trial. The Sutton defendants appeal.

*Braxton H. Bell, and Coleman and Perez, by Mario E. Perez, for plaintiff-appellees.*

*Cecil P. Merritt and Aida Fayar Doss for defendant-appellants.*

MARTIN, John C., Judge.

On appeal, the Sutton defendants assert in a single assignment of error that "[t]he trial court erred and abused its discretion by denying Defendant's [sic] motion for summary judgment, motion for judgment on the pleadings, motion to set aside the verdict, and motion for judgment notwithstanding the verdict because it misinterpreted and misapplied N.C. Gen. Stat. §§ 20-71.2 through 20-71.4 and 20-109.1." The trial court's denial of the Sutton defendants' motions for summary judgment and judgment on the pleadings is not reviewable on appeal because the trial court rendered a final judgment after a trial on the merits. *Canady v. Cliff*, 93 N.C. App. 50, 376 S.E.2d 505, *disc. review denied*, 324 N.C. 432, 379 S.E.2d 239 (1989). We find no error in the other rulings challenged by the Sutton defendants' assignment of error.

WILSON v. SUTTON

[124 N.C. App. 170 (1996)]

A motion for judgment notwithstanding the verdict is treated as a renewal of a prior motion for directed verdict. *Munie v. Tangle Oaks Corp.*, 109 N.C. App. 336, 427 S.E.2d 149 (1993). The standard for granting a motion for judgment notwithstanding the verdict is the same as that for granting a motion for directed verdict, which is whether, as a matter of law, the evidence offered by the plaintiff, when considered in the light most favorable to the plaintiff, is sufficient for submission to the jury. *Northern Nat'l Life Ins., v. Miller Machine Co.*, 311 N.C. 62, 316 S.E.2d 256 (1984).

The Sutton defendants contend that the trial court erred in denying their motion for judgment notwithstanding the verdict because plaintiffs failed to establish a *prima facie* case that they violated G.S. § 20-71.4(a). G.S. § 20-71.4, as it was in effect at all times pertinent to this case provides in part:

> (a) It shall be unlawful and constitute a misdemeanor for any transferor who knows or reasonably should know that a motor vehicle has been involved in a collision or other occurrence to the extent that the cost of repairing that vehicle exceeds twenty-five percent (25%) of its fair market retail value . . . to fail to disclose that fact in writing to the transferee prior to transfer of any vehicle up to five model years old. Failure to disclose any of the above information will also result in civil liability under G.S. 20-348.

In order to establish a *prima facie* case under G.S. § 20-71.4(a), plaintiffs must show that: "(1) defendant was a transferor, (2) who knew or reasonably should have known that the [vehicle] had been involved in a collision or other occurrence to the extent that the cost of repair exceeded 25% of its fair market value, and (3) who failed to disclose that fact in writing to plaintiff prior to the transfer, and that the vehicle at the time of transfer (4) was not a vehicle more than five model years old." *Payne v. Parks Chevrolet, Inc.*, 119 N.C. App. 383, 387, 458 S.E.2d 716, 719 (1995).

Considering the evidence in the light most favorable to plaintiffs, it shows that the van had been appraised as a total loss after the collision; that when defendant Sutton bought the van from defendant Ham, he received a Damage Disclosure Statement that the van *had* been damaged by collision to the extent that the damages exceeded twenty-five percent of its fair market retail value at the time of the collision; that defendant Sutton did not disclose to plaintiffs that the van had been damaged by collision; and that the van was not more than five model years old when plaintiffs purchased it in March 1992.

TIMES-NEWS PUBLISHING CO. v. STATE OF N.C.

[124 N.C. App. 175 (1996)]

The Sutton defendants argue, citing Brandis, *North Carolina Evidence*, § 235, pp. 255-57 (3d ed. 1988), that the DMV inspector's examination of the van and verification as to the cost of defendant Ham's purchase of repair parts, and his use of those parts in the repair of the van, should create a conclusive presumption that the certification was correct, that the repairs did not exceed twenty-five percent of the van's fair market value, and that the Sutton defendants were, therefore, in complete compliance with the statutory process and were not required to make the damage disclosure.

The presumption that a public officer has performed his duty cannot be used as proof of an independent and material fact. *Hall v. Fayetteville*, 248 N.C. 474, 103 S.E.2d 815 (1958); *see also Civil Service Bd. v. Page*, 2 N.C. App. 34, 162 S.E.2d 644 (1968) (this Court holding that the presumption of the regularity of official acts is one of law, and not of fact, and may be rebutted or overthrown by competent evidence). Not only is the Sutton defendants' contention without merit, but the DMV inspector testified that he had no opinion as to whether the cost of defendant Ham's repairs to the van was reasonable.

We find the evidence, taken in the light most favorable to plaintiffs, was sufficient for the jury. Accordingly, the trial court properly denied the Sutton defendants' motion for judgment notwithstanding the verdict.

No error.

Chief Judge ARNOLD and Judge SMITH concur.