KAREN ANN BLANKENSHIP AND MIKE THOMPSON, PLAINTIFFS v. TOWN AND COUNTRY FORD, INC. AND FORD CREDIT LEASING COMPANY, INC., DEFENDANTS

No. COA02-191

(Filed 31 December 2002)

**1. Process and Service— place of business—return of service—default judgment**

The trial court did not abuse its discretion in an action for failure to disclose damage to a vehicle under N.C.G.S. § 20-71.4, fraud, and unfair and deceptive trade practices by denying

defendant company's N.C.G.S. § 1A-1, Rule 60(b)(4) motion to set aside a default judgment as void for lack of service of process, because: (1) the return of service on the summons and complaint show that it was delivered by a deputy sheriff to defendant at its place of business and that a copy was left with defendant's general manager; and (2) although defendant submitted affidavits from the company's general manager, the receptionist, and the controller denying the receipt of the summons and complaint, the return of service filed with the clerk of court indicated proper service of process.

**2. Judgments— default—motion to set aside entry of default**

The trial court did not abuse its discretion in an action for failure to disclose damage to a vehicle under N.C.G.S. § 20-71.4, fraud, and unfair and deceptive trade practices by failing to set aside an entry of default, because defendant failed to answer or otherwise respond to the complaint within thirty days after service of summons and complaint as required by N.C.G.S. § 1A-1, Rule 12(a)(1).

**3. Arbitration and Mediation— arbitration—motion to set aside default judgment—failure to assert right to arbitration**

The trial court did not abuse its discretion in an action for failure to disclose damage to a vehicle under N.C.G.S. § 20-71.4, fraud, and unfair and deceptive trade practices by denying defendant's motion to set aside a default judgment even though defendant contends the trial court lacked jurisdiction based on the fact that the parties were subject to mandatory arbitration with respect to issues raised in plaintiffs' complaint, because defendant failed to assert its right to arbitrate.

**4. Judgments— default—motion to set aside default judgment**

The trial court did not err in an action for failure to disclose damage to a vehicle under N.C.G.S. § 20-71.4, fraud, and unfair and deceptive trade practices by entering and refusing to vacate a default judgment even though defendant contends that it was void and irregular based on plaintiffs' alleged failure to state a claim and alleged failure to comply with N.C.G.S. § 1-75.11(1), because: (1) plaintiff wife's affidavit, supported by plaintiff husband's affidavit, established the sale of the pertinent vehicle by defendant company who engaged in the business of selling vehicles in North Carolina; and (2) plaintiffs' affidavits demonstrated

grounds for personal jurisdiction over defendant and met the requirements of N.C.G.S. § 1-75.11(1).

### 5. Damages and Remedies— compensatory damages—treble damages

The trial court's award of compensatory damages for each of the alleged violations of N.C.G.S. § 75-1.1 and N.C.G.S. § 20-71.4 and its treble damages awards under both N.C.G.S. § 75-16 and N.C.G.S. § 20-348(a)(1) are remanded for a determination and findings as to whether defendant company's conduct amounts to unfair and deceptive trade practices under N.C.G.S. § 75-1.1 and a violation of N.C.G.S. § 20-71.4 regarding failure to disclose damage to a vehicle, as well as an intent to defraud under N.C.G.S. § 20-348(a)(1).

Appeal by defendant Town and Country Ford, Inc. from default judgment entered 6 August 2001 by Judge Richard D. Boner in Mecklenburg County Superior Court. Heard in the Court of Appeals 17 October 2002.

*David Q. Burgess for plaintiffs-appellees.*

*Parker Poe Adams & Bernstein, L.L.P., by Harvey L. Cosper, Jr., Michael S. Malloy and William L. Esser IV, for defendant-appellant Town and Country Ford, Inc.*

WALKER, Judge.

Plaintiffs voluntarily dismissed their claims against Ford Credit Leasing Company, Inc. pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(a) prior to entry of the default judgment, leaving Town and Country Ford, Inc. as the sole defendant on appeal.

On 1 March 2000, Town and Country Ford, Inc. (defendant) purchased the subject used vehicle at auction. Defendant sold the vehicle to plaintiff Karen Ann Blankenship (Blankenship) for $14,848.50 on 30 April 2000. As part of the sale, defendant issued Blankenship a North Carolina Damage Disclosure Statement indicating that it neither knew nor reasonably should have known of a collision or other occurrence involving the vehicle resulting in damages in excess of 25 percent of its value at the time of any such collision or occurrence. The record also contains an agreement signed by Blankenship to arbitrate certain issues, including alleged unfair trade practices and punitive damages.

Blankenship and her husband, plaintiff Mike Thompson (Thompson) claimed to experience several problems relating to the "structural integrity" of the vehicle and took it to two other dealerships for an assessment of needed repairs. Employees of one dealership were of the opinion that the vehicle had been involved in at least one collision that had caused extensive damage to the front and rear of the vehicle in excess of 25 percent of the vehicle's value.

In his affidavit, Thompson alleged that he contacted defendant by telephone on 17 December 2000 regarding the problems with the vehicle and whether it had been involved in a collision. Further, he alleges that, in response to his telephone calls, defendant's employees referred him to other employees or failed to return his telephone messages. Thompson also alleges that on 21 December 2000, he and Blankenship went to defendant's dealership to inquire about problems with the vehicle; however, their concerns were not addressed at that time.

Plaintiffs filed suit against defendant, alleging failure to disclose damage to the vehicle pursuant to N.C. Gen. Stat. § 20-71.4 (2001), fraud and unfair and deceptive trade practices and claiming punitive damages. Upon plaintiffs' motion, the clerk of superior court ordered an entry of default against defendant for failure to appear, answer or otherwise respond to the complaint within the time allowed by law. Plaintiffs then filed a motion and notice of hearing for default judgment. In support of the motion for default judgment, Blankenship and Thompson submitted affidavits stating that the vehicle was appraised at $4,900 when they attempted to sell it in August 2001 and that the vehicle was worth only $6,200 at the time of purchase, $8,648.50 below the original purchase price.

The trial court entered default judgment against defendant on 6 August 2001, finding it had violated N.C. Gen. Stat. § 75-1.1 (2001) and N.C. Gen. Stat. § 20-71.4. The judgment also ordered defendant to pay $8,648.50 in compensatory damages for each of the statutory violations and then trebled these damages under both N.C. Gen. Stat. § 75-16 (2001) and N.C. Gen. Stat. § 20-348(a)(1) (2001). The total amount of the judgment was $51,891, plus $3,930 in attorney fees.

On 5 September 2001, after receiving a copy of the default judgment, defendant moved to set aside the entry of default and default judgment. After a hearing, the trial court denied defendant's motion, concluding that defendant was properly served with process giving

the trial court jurisdiction, that defendant waived its right to arbitrate by failing to demand it prior to the entry of default and default judgment and that defendant had not shown mistake, inadvertence, surprise, excusable neglect or other extraordinary circumstances to justify setting aside the default judgment under N.C. Gen. Stat. § 1A-1, Rule 60 (2001). Further, defendant had not shown good cause to set aside entry of default under N.C. Gen. Stat. § 1A-1, Rule 55 (2001).

## 1. Service of Process

**[1]** Defendant first contends that the trial court erred in denying its motion pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b)(4) (2001) to set aside the default judgment because it was void for lack of service of process. The granting of a Rule 60(b) motion is within the trial court's sound discretion and is reviewable only for abuse of discretion. *Gentry v. Hill,* 57 N.C. App. 151, 154, 290 S.E.2d 777, 779 (1982). Abuse of discretion is shown only when "the challenged actions are manifestly unsupported by reason." *Clark v. Clark,* 301 N.C. 123, 129, 271 S.E.2d 58, 63 (1980) (citation omitted). If there is "competent evidence of record on both sides" of the Rule 60(b) motion, it is the duty of the trial court to evaluate such evidence, *Sawyer v. Goodman,* 63 N.C. App. 191, 193, 303 S.E.2d 632, 634, *disc. review denied,* 309 N.C. 823, 310 S.E.2d 352 (1983), and the trial court's findings supported by competent evidence are conclusive on appeal. *Gentry,* 57 N.C. App. at 154, 290 S.E.2d at 779.

Here, the return of service on the summons and complaint shows that it was delivered by a Mecklenburg County deputy sheriff to defendant at its place of business in Charlotte and that a copy was left with its General Manager, David Smith (Smith). Although defendant submitted affidavits from Smith, its receptionist and its controller denying the receipt of the summons and complaint, the trial court found proper service of process on defendant as indicated by the return of service filed with the clerk of court. Because there is competent evidence in the record to support this finding, we hold the trial court did not abuse its discretion in concluding proper service of process was made on defendant. Therefore, the trial court properly denied defendant's Rule 60(b)(4) motion to set aside the default judgment as void for lack of service of process.

## 2. Entry of Default

**[2]** Defendant argues that the trial court erred in failing to set aside the entry of default. On 4 June 2001, plaintiffs' attorney filed a motion

for entry of default asserting that defendant had failed to answer or otherwise respond to the complaint within thirty days after service of summons and complaint as required by N.C. Gen. Stat. § 1A-1, Rule 12(a)(1) (2001).

N.C. Gen. Stat. § 1A-1, Rule 55(a) (2001) provides:

When a party against whom a judgment for affirmative relief is sought has failed to plead or is otherwise subject to default judgment as provided by these rules or by statute and that fact is made to appear by affidavit, motion of attorney for the plaintiff, or otherwise, the clerk shall enter his default.

"To set aside an entry of default, good cause must be shown." *Silverman v. Tate*, 61 N.C. App. 670, 673, 301 S.E.2d 732, 734 (1983). The trial court's decision whether good cause has been shown is reviewable by this Court only for abuse of discretion. *Id.*

Upon careful examination of the record, we conclude the trial court did not abuse its discretion in denying the motion to set aside entry of default.

### 3. Arbitration Agreement

[3] Defendant next argues that the trial court erred in denying its motion to set aside the default judgment because the trial court lacked jurisdiction since the parties were subject to mandatory arbitration with respect to issues raised in plaintiffs' complaint. Here, the record contains an agreement signed by Blankenship to arbitrate certain issues, including unfair and deceptive trade practices and punitive damages.

Arbitration pursuant to a valid agreement may be compelled by a court only upon application by a party to the agreement. N.C. Gen. Stat. § 1-567.3 (2001); *see also Adams v. Nelsen*, 313 N.C. 442, 329 S.E.2d 322 (1985) (refusing to compel arbitration where defendants failed to apply to the court to exercise their contractual remedy to arbitrate), *Cyclone Roofing Co. v. LaFave Co.*, 312 N.C. 224, 321 S.E.2d 872 (1984) (compelling arbitration upon motion of a party to agreement).

Plaintiffs chose to file suit against defendant rather than seek arbitration pursuant to the agreement. It was incumbent upon defendant to assert its right to arbitrate. Because defendant failed to assert its right to arbitrate, this Court is not compelled to enforce the arbitration agreement. Moreover, we hold that the trial court did not err

in denying the motion to set aside the default judgment based on the existence of an arbitration agreement.

### 4. Default Judgment

**[4]** Defendant further contends the trial court erred in entering and refusing to vacate the default judgment because it was void and irregular. Specifically, defendant contends that plaintiffs failed to state a claim and also failed to comply with N.C. Gen. Stat. § 1-75.11(1) (2001).

In cases where a defendant fails to appear within the time allowed by law and personal jurisdiction is claimed over defendant, the court shall, before entering default judgment, require "proof by affidavit or other evidence, to be made and filed, of the existence of any fact not shown by verified complaint which is needed to establish grounds for personal jurisdiction over the defendant." N.C. Gen. Stat. § 1-75.11(1).

Here, Blankenship's affidavit, supported by Thompson's affidavit, establishes the sale of this vehicle by defendant, who is engaged in the business of selling vehicles in this State. Thus, plaintiffs' affidavits demonstrate grounds for personal jurisdiction over defendant and meet the requirements of N.C. Gen. Stat. § 1-75.11(1).

### 5. Damages

**[5]** Defendant further contends the trial court's award of compensatory damages for each of the alleged violations of N.C. Gen. Stat. § 75-1.1 and N.C. Gen. Stat. § 20-71.4, as well as treble damages awards under both N.C. Gen. Stat. § 75-16 and N.C. Gen. Stat. § 20-348(a)(1) are duplicative and not authorized by law.

In its default judgment, the trial court awarded damages as follows: "1. $25,945.50 for violation of N.C. Gen. Stat. § 75-1.1, consisting of compensatory damages of $8,648.50, which are hereby trebled pursuant to N.C. Gen. Stat. § 75-16; 2. $25,945.50 for violation of N.C. Gen. Stat. § 20-71.4, consisting of compensatory damages of $8,648.50, which are hereby trebled pursuant to N.C. Gen. Stat. § 20-348(a)(1); . . . ."

A plaintiff is entitled to compensatory damages which "are demonstrable and capable of being alleged in a sum certain by a plaintiff." *Hunter v. Spaulding*, 97 N.C. App. 372, 380, 388 S.E.2d 630, 635 (1990). Here, Blankenship's affidavit stated the purchase price of the vehicle as $14,848.50 and established the actual value of the vehicle

at the time of the purchase as $6,200, amounting to a difference of $8,648.50.

To support the trial court's award of treble damages under both statutes, plaintiff cites *Wilson v. Sutton*, 124 N.C. App. 170, 476 S.E.2d 467 (1996), *disc. review denied*, 345 N.C. 354, 483 S.E.2d 192 (1997), for the proposition that trebling damages under N.C. Gen. Stat. § 75-16 and N.C. Gen. Stat. § 20-348(a)(1) has been upheld by this Court as not being duplicative. In *Wilson*, the jury found that:

> (1) the van had been damaged in excess of twenty-five percent of its fair market retail value; (2) the Sutton defendants failed to disclose this fact to plaintiffs in writing, and intended to defraud plaintiffs; and (3) plaintiffs were injured as a proximate result of the Sutton defendants' conduct in the amount of $3,300.00.

*Wilson, supra*, at 173, 476 S.E.2d at 469.

Here, there are no findings by the trial court regarding whether defendant's conduct amounts to an unfair and deceptive trade practice under N.C. Gen. Stat. § 75-1.1, a failure to disclose damage to the vehicle in violation of N.C. Gen. Stat. § 20-71.4 or an intent to defraud under N.C. Gen. Stat. § 20-348(a)(1). Without these findings, we are unable to determine whether defendant's conduct entitles plaintiff to damages under the applicable statutes.

Therefore, we remand this case to the trial court for a determination and findings as to whether defendant's conduct amounts to an unfair and deceptive trade practice under N.C. Gen. Stat. § 75-1.1 and a violation of N.C. Gen. Stat. § 20-71.4, as well as an intent to defraud under N.C. Gen. Stat. § 20-348(a)(1). On remand, plaintiffs and defendant may present evidence on issues relating to damages under the applicable statutes. *See Hunter, supra* (holding that, in a case alleging unfair and deceptive trade practices and fraud and resulting in default judgment on the fraud claim, the trial court erred by submitting the punitive damages question to the jury without permitting defendant to put on evidence).

Although the record here shows that defendant was properly served and plaintiff followed existing law in obtaining both the entry of default and default judgment without notice to defendant, we urge the legislature to review the applicable statutes to again determine whether in each instance, before obtaining entry of default and before obtaining a default judgment, notice to defendant should be required.

Affirmed in part; reversed in part and remanded.

Judges McCULLOUGH and CAMPBELL concur.