L&M TRANSPORTATION SERVICES, INC., Plaintiff v. MORTON INDUSTRIAL GROUP, INC., d/b/a MORTON CUSTOM PLASTICS OF NORTH CAROLINA, INC. AND d/b/a MORTON CUSTOM PLASTICS, LLC, Defendant

No. COA03-709

(Filed 6 April 2004)

**Process and Service— service on business—identity of corporation and agent**

There was proper service of process and the court correctly refused to set aside a default judgment where defendant denied that it was doing business in North Carolina or that the person to whom the summons delivered was an employee or agent, but defendant's annual SEC Report was to the contrary.

Appeal by defendant from order entered 3 February 2003 by Judge Mark E. Klass in Cabarrus County Superior Court. Heard in the Court of Appeals 2 March 2004.

*Richard M. Koch, for plaintiff-appellee.*

*Helms Mulliss & Wicker, PLLC, by William C. Mayberry, Robert Muckenfuss, and Tyyawdi M. Baker, for defendant-appellant.*

TYSON, Judge.

Morton Industrial Group, Inc. ("defendant") appeals from an order entered after defendant's motion to set aside an entry of default and entry of default judgment was denied. We affirm.

**L&M TRANSP. SERVS., INC. v. MORTON INDUS. GRP., INC.**

[163 N.C. App. 606 (2004)]

## I. Background

L&M Transportation Services, Inc. ("plaintiff") brought an action for breach of contract on 9 October 2002. The unverified complaint identified defendant as "Morton Industrial Group, Inc. dba Morton Custom Plastics of North Carolina, Inc. and dba Morton Custom Plastics, LLC." The complaint alleged, "[a]t the request of the defendant, the plaintiff rendered transportation services on account for which the defendant agreed to pay the plaintiff." Plaintiff did not receive payment under the terms of the agreement and attached statements to the complaint showing the amount due to plaintiff for services rendered. The statements revealed that plaintiff billed "Morton Custom Plastics, LLC" in Harrisburg, North Carolina, and "Morton Custom Plastics" in St. Matthews, South Carolina, in the amount of $61,603.00.

On 14 October 2002, Cabarrus County Sheriff's Deputy D.B. Riley served the summons and complaint to James Ford, General Manager for Morton Custom Plastics, LLC, in Harrisburg, North Carolina. On 14 November 2002, the Cabarrus County Assistant Clerk of Superior Court noted an entry of default and entered an entry of default judgment. The judgment awarded plaintiff $61,603.00 plus interest.

On 27 December 2002, defendant moved to set aside the entry of default and to vacate the default judgment. Defendant argued the default judgment was void. In support of its motion, defendant attached affidavits from Thomas Lauerman, Morton Industrial Group's Vice President of Finance, and James Ford. In its affidavit, defendant denied that it was doing business under the names of Morton Custom Plastics, LLC or Morton Custom Plastics of North Carolina, Inc. and claimed that James Ford was neither an employee nor agent for defendant. Plaintiff also filed an affidavit with the trial court, along with defendant's annual report that had been filed with the Securities and Exchange Commission ("SEC Report"). The SEC Report showed that defendant had a "Southeast Molding Division" in both Harrisburg, North Carolina, and St. Matthews, South Carolina. In addition, the SEC Report lists a fabrication division in both Harrisburg and Concord, North Carolina. The trial court denied defendant's motion to set aside entry of default and vacate the default judgment. Defendant appeals.

## II. Issue

The sole issue on appeal is whether the trial court erred in failing to set aside the entry of default and to vacate the default judgment.

**L&M TRANSP. SERVS., INC. v. MORTON INDUS. GRP., INC.**

[163 N.C. App. 606 (2004)]

### III.　Service of Process

Defendant argues the trial court's default judgment was void for lack of service of process. We disagree.

N.C.R. Civ. P. 60(b)(4) (2004) allows a trial court to grant relief from a judgment that is void.

> The granting of a Rule 60(b) motion is within the trial court's sound discretion and is reviewable only for abuse of discretion. Abuse of discretion is shown only when the challenged actions are manifestly unsupported by reason. If there is competent evidence of record on both sides of the Rule 60(b) motion, it is the duty of the trial court to evaluate such evidence, and the trial court's findings supported by competent evidence are conclusive on appeal.

*Blankenship v. Town & Country Ford, Inc.*, 155 N.C. App. 161, 165, 574 S.E.2d 132, 135 (2002), *disc. rev. denied*, 357 N.C. 61, 579 S.E.2d 384 (2003).

Here, the trial court's judgment concluded that "based on defendant's annual report, the 7301 Caldwell Road, Harrisburg location is an operating plant of the defendant not disclosed as a separate entity and its general manager is an agent authorized under Rule 4(j)(6) to receive service of process for the defendant." Defendant's SEC Report clearly lists "7301 Caldwell Road, Harrisburg, North Carolina," on the page labeled "Morton Custom Plastics Locations." This is the same address appearing on the summons served on James Ford by the Cabarrus County Sheriff's Department. Although defendant filed affidavits stating that it did not do business in North Carolina, defendant did not present any certificates of existence or corporate documents to rebut the evidence in the annual report, which indicated otherwise. Thus, competent evidence supports the trial court's decision to deny defendant's motion to vacate the default judgment. This assignment of error is overruled.

### IV.　Entry of Default

Defendant argues the trial court erred in failing to set aside the entry of default. We disagree.

N.C.R. Civ. P. 55(a) (2004) allows the clerk to enter default when "a party against whom a judgment for affirmative relief is sought has failed to plead . . . ." " 'To set aside an entry of default,

**L&M TRANSP. SERVS., INC. v. MORTON INDUS. GRP., INC.**

[163 N.C. App. 606 (2004)]

good cause must be shown. The trial court's decision whether good cause has been shown is reviewable by this Court only for abuse of discretion.' " *Blankenship*, 155 N.C. App. at 166, 574 S.E.2d at 135 (quoting *Silverman v. Tate*, 61 N.C. App. 670, 673, 301 S.E.2d 732, 734 (1983)).

Defendant argues plaintiff's failure to effectuate service of process constitutes "good cause" to set aside entry of default. We previously held this argument has no merit. This assignment of error is overruled.

## V. Conclusion

Plaintiff noted in its brief that portions of defendant's brief setting forth the facts were argumentative in violation of N.C.R. App. P. 28(b)(5). We agree and have not relied upon any argumentative facts in our review.

Defendant has failed to show the trial court abused its discretion in denying defendant's motion to set aside the entry of default and to vacate the default judgment. The judgment is affirmed.

Affirmed.

Judges WYNN and HUNTER concur.