KAREN ANN BLANKENSHIP AND MIKE THOMPSON, Plaintiffs v. TOWN AND COUNTRY FORD, INC., Defendant

No. COA04-702

(Filed 6 December 2005)

## 1. Pleadings— information and belief—admitted by default judgment

There is no North Carolina law to preclude the entry of default judgment where the allegations are based on information and belief. Here, the trial court did not err by finding on remand that defendant had admitted the allegations in plaintiff's complaint; in addition to the complaint, plaintiff submitted sworn affidavits and the court heard evidence from experts on both sides.

## 2. Discovery— limited by court—no abuse of discretion

After entry of default, the defendant is deemed to have admitted the allegations of the complaint. Here, the trial court did not abuse its discretion by limiting discovery after remand of a default judgment in an action involving a used car with prior damage alleged to be undisclosed.

## 3. Trial— remand—evidence limited to damages

The trial court did not err by limiting the evidence to damages on a hearing after remand of a default judgment. The court made the required findings that defendant had violated the relevant statutes (based on allegations deemed admitted by the default), and those findings were supported by plaintiffs' affidavits as

BLANKENSHIP v. TOWN & COUNTRY FORD, INC.

[174 N.C. App. 764 (2005)]

well as evidence introduced at the hearing. Moreover, defendant did not show prejudice.

**4. Damages and Remedies— damaged used car—double recovery—election of remedies required**

The trial court erred in an action involving a used car by awarding plaintiffs treble damages under both N.C.G.S. § 20-348(a) and Chapter 75. The applicable statutes do not contain language authorizing multiple recoveries; plaintiffs are required to elect their remedy.

**5. Damages and Remedies— damaged used car—use of vehicle**

The trial court did not err when calculating damages for a used car sold with an undisclosed collision by refusing to offset the value plaintiffs received from use of the vehicle. The court's decision is supported by *Taylor v. Volvo North America Corp.*, 339 N.C. 238.

**6. Costs— attorney fees—findings—no abuse of discretion**

The trial court made the requisite findings and did not abuse its discretion when awarding attorney fees pursuant to N.C.G.S. § 20-348(a)(2) and N.C.G.S. § 75-16.1.

Defendant appeals from judgment entered 3 October 2003 by Judge W. Robert Bell in Mecklenburg County Superior Court. Heard in the Court of Appeals 1 March 2005.

*David Q. Burgess, for plaintiff-appellee.*

*Parker Poe Adams & Bernstein, L.L.P., by Michael S. Malloy and William L. Esser, IV, for defendant-appellant.*

HUDSON, Judge.

In April 2001, plaintiffs brought suit against defendant for claims arising from defendant's failure to disclose prior damage to a used car defendant sold to plaintiffs. Upon plaintiffs' motion, the trial court entered default judgment against defendant in August 2001 and awarded trebled compensatory damages and attorney fees to plaintiffs. This Court entered an opinion on 31 December 2002, which affirmed in part and reversed in part. *Blankenship v. Town and Country Ford*, 155 N.C. App. 161, 574 S.E.2d 132 (2002), *disc. rev. denied*, 357 N.C. 61, 579 S.E.2d 384 (2003) (*Blankenship I*). The trial court heard the remanded case on 2 September 2003 and entered

judgment on 3 October 2003, finding that defendant's conduct did violate the statutes in question and again awarding trebled compensatory damages and attorney fees. Defendant appeals. For the reasons discussed below, we affirm in part, and vacate and remand in part.

The evidence tends to show that on 1 March 2000, defendant bought a used 1999 Chevrolet Cavalier (the vehicle) at an auto auction. Defendant then sold the vehicle to plaintiff Blankenship for $12,566 "as is." Defendant provided a "Damage Disclosure Statement" as required by North Carolina law and answered "no" to the question of whether the vehicle had "been damaged by collision or other occurrence to the extent that damages exceed 25% of its value at the time of the collision or other occurrence." After purchase, plaintiffs began to experience numerous problems with the vehicle, including a popping sound coming from the right front during left turns, a "right pull" during left turns, a radiator leak, water leaking into the trunk, and a door that was difficult to open. In February 2001, plaintiff Thompson took the vehicle to Spruill Chevrolet-General Motors, where the technician documented "physical damage to rear of car— bondo [a patching material] in side trunk," and "physical damage to front of car, fenders, bolts loose, etc."

Plaintiffs filed a complaint against defendant on 5 April 2001. Plaintiffs alleged that defendant violated the Motor Vehicle Act, N.C. Gen. Stat. § 20-71.4, by failing to disclose that the vehicle sustained damage in a collision in excess of 25% of its value; that such failure to disclose constituted an unfair and deceptive trade practice in violation of N.C. Gen. Stat. § 75-1.1; and that defendant's failure to disclose was committed with "intent to defraud," thus giving rise to a claim under N.C. Gen. Stat. § 20-348(a). Defendant failed to respond to plaintiffs' complaint and default judgment was entered on 6 August 2001, for $55,281, which consisted of damages trebled under §§ 75-16 and 20-348(a), plus attorney fees. As discussed, this Court then remanded the case after defendant's first appeal. On remand, the trial court limited the evidence on remand to the issue of damages, as it concluded that defendant had admitted liability with the entry of default judgment. It heard evidence from experts for both parties regarding the value of the car and the amount of damages. The trial court found that defendant's conduct violated both statutes and again awarded trebled damages and attorney fees, totaling $79,983.

In its brief, defendant first contends that the trial court erred by refusing to allow it a hearing regarding whether its conduct violated

**BLANKENSHIP v. TOWN & COUNTRY FORD, INC.**

[174 N.C. App. 764 (2005)]

the various statutes. Defendant next contends that the trial court erred in finding that defendant admitted the allegations of plaintiffs' complaint as a result of the entry of default judgment. We disagree with both arguments and address defendant's second argument first.

[1] When default is entered due to defendant's failure to answer, as here, "the substantive allegations raised by plaintiff's complaint are no longer in issue, and, for the purposes of entry of default and default judgment, are deemed admitted." *Bell v. Martin*, 299 N.C. 715, 721, 264 S.E.2d 101, 105 (1980) (internal citation omitted). Here, on remand, the trial court adopted plaintiffs' complaint by reference and made it part of the findings of fact, "word for word." Findings of fact made by the trial court upon a motion to set aside a judgment by default are binding on appeal if supported by any competent evidence. *Kirby v. Asheville Contracting Co.*, 11 N.C. App. 128, 132, 180 S.E.2d 407, 410, *cert. denied*, 278 N.C. 701, 181 S.E.2d 602 (1971); *Norton v. Sawyer*, 30 N.C. App. 420, 422, 227 S.E.2d 148, 151, *disc. review denied*, 291 N.C. 176, 229 S.E.2d 689 (1976).

Defendant contends that the trial court's adoption of plaintiffs' complaint was improper because the complaint was based upon information and belief and only "well-pled factual allegations" are admitted by default. However, defendant cites no North Carolina law in support of this argument. Although defendant cites cases from other jurisdictions, our research reveals no North Carolina statutes or caselaw which preclude a trial court from entering default where the allegations are based upon information and belief. Furthermore, in addition to the plaintiffs' complaint, the plaintiffs submitted sworn affidavits, and the trial court heard evidence on remand from experts on both sides regarding the damage to the vehicle. We conclude that the trial court's findings of fact are supported by competent evidence.

[2] Defendant also asserts that the trial court "refused to permit a hearing" and did not comply with the mandate of this Court because it denied defendant's request for discovery and its attempts to introduce certain evidence. We disagree. This Court stated:

[W]e remand this case to the trial court for a determination and findings as to whether defendant's conduct amounts to an unfair and deceptive trade practice under N.C. Gen. Stat. § 75-1.1 and a violation of N.C. Gen. Stat. § 20-71.4, as well as an intent to defraud under N.C. Gen. Stat. § 20-348(a)(1). On remand, plaintiffs and defendant may present evidence on issues relating to damages under the applicable statutes.

*Blankenship I*, 155 N.C. App. at 168, 579 S.E.2d at 136. On remand, defendant requested discovery and plaintiffs filed a protective order in response. The trial court allowed discovery "solely on the issues of whether Defendant's conduct amounts to an unfair or deceptive trade practice under N.C. Gen. Stat. § 75-1.1 and a violation of N.C. Gen. Stat. § 20-71.4 with intent to defraud under N.C. Gen. Stat. § 20-348(a)(1)."

"It is a general rule that orders regarding matters of discovery are within the discretion of the trial court and will not be upset on appeal absent a showing of abuse of discretion." *Hudson v. Hudson*, 34 N.C. App. 144, 145, 237 S.E.2d 479, 480, *disc. review denied*, 293 N.C. 589, 239 S.E.2d 264-65 (1977) (internal citation omitted). Rule 26(b)(1) of the Rules of Civil Procedure provides that a party "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party[.]" N.C. Gen. Stat. § 1A-1, Rule 26(b)(1) (2003). As discussed, after an entry of default against a defendant, he or she "is deemed to have admitted the allegations in plaintiff's complaint, and is prohibited from defending on the merits of the case." *Spartan Leasing Inc. v. Pollard*, 101 N.C. App. 450, 460, 400 S.E.2d 476, 482 (1991) (citing N.C. Gen. Stat.. § 1A-1, Rule 8(d)) (internal citation omitted). We conclude that the trial court did not abuse its discretion in limiting discovery.

[3] Defendant also contends that the trial court erred by refusing to allow it to present evidence regarding whether its conduct violated the statutes at issue, but was only allowed to introduce evidence regarding compensatory damages. The trial court stated that the hearing would be limited to evidence regarding damages, as the issue of liability had already been decided. We remanded for findings of fact regarding whether defendant's conduct violated the statutes. On remand, the trial court made such findings, based on the plaintiffs' allegations which were deemed admitted upon defendant's default, as discussed above. As discussed, the trial court's findings of fact here are binding on appeal if supported by any competent evidence. Our review of the record, specifically the affidavits of plaintiffs in support of their motion for judgment by default, as well as the evidence introduced at the hearing on remand, indicate competent evidence supports the trial court's findings of fact. Thus, these findings are conclusive on appeal.

We conclude that the trial court was not required to take further evidence on these matters. Indeed, this Court explicitly stated that on remand the parties could present evidence regarding damages, which is what the court did. Furthermore, in their argument regarding the exclusion of evidence, defendant fails to show prejudice. In a civil case such as this

> not every erroneous ruling on the admissibility of evidence . . . will result in a new trial. The moving party has the burden to show not only that the trial court erred, but also to show that he or she was prejudiced and that a different result would have likely resulted had the error not have occurred.

*Bowers v. Olf*, 122 N.C. App. 421, 427, 470 S.E.2d 346, 350 (1996) (ellipses in original) (internal citations and quotation marks omitted). Defendant has shown no prejudice.

**[4]** Defendant also contends that the trial court erred in awarding plaintiffs treble damages under both N.C. Gen. Stat. § 20-348(a) and again under Chapter 75. We agree. In *Blankenship I*, this Court remanded to the trial court for findings of fact so that this Court could determine whether damages were appropriate under the applicable statutes but did not decide whether multiple awards of treble damages were permissible. Now that the trial court has made findings of fact that defendant's conduct violated both statutes, we must address whether plaintiffs may recover damages under both statutes.

Defendant argues that the trial court awarded damages to plaintiffs twice for the same wrong and that plaintiffs are not entitled to "double recovery." In *United Laboratories v. Kuykendall*, the North Carolina Supreme Court held that pursuant to the doctrine of election of remedies, a party may not recover twice based on the same conduct. 335 N.C. 183, 191, 437, S.E.2d 374, 379 (1993).

> Where the same source of conduct gives rise to a traditionally recognized cause of action, as, for example, an action for breach of contract, and as well gives rise to a cause of action for violation of G.S. 75-1.1, damages may be recovered either for the breach of contract, or for violation of G.S. 75-1.1, but not for both.

*Id.* (internal citation omitted). Although *Kuykendall* involved a common law and a Chapter 75 claim, our Supreme Court has also held that in a case involving a statutory violation and an unfair and deceptive trade practice claim plaintiff faces an election of remedies for

recovery based upon the same conduct or transaction. *Stanley v. Moore*, 339 N.C. 717, 724, 454 S.E.2d 225, 229 (1995). Here, the Court's conclusions of law reveal that the Court awarded damages and treble damages for the same conduct:

> [Defendant] failed to disclose in writing to the Plaintiffs before the time of transfer that the automobile had been involved in a collision or occurrence involving the vehicle resulting in twenty-five percent (25%) of its fair market value.

The court then concluded that this conduct violated N.C. Gen. Stat. § 20-71.4(a) and also N.C. Gen. Stat. § 75.1.1 and awarded treble damages pursuant to each statute.

Plaintiffs argue that *Wilson v. Sutton*, 124 N.C. App. 170, 476 S.E.2d 467 (1996), and *Washburn v. Vandiver*, 93 N.C. App. 657, 379 S.E.2d 65 (1989), control here. However, we conclude that neither case controls. In *Wilson*, the Court addressed whether the trial court erred in denying defendant's motion for judgment notwithstanding the verdict, not whether the trial court's awards of treble damages were permissible. *Id.* In *Washburn*, the Court upheld multiple awards based on N.C. Gen. Stat. § 20-348, which specifically authorized state statutory remedies in addition to federal odometer law remedies. 93 N.C. App. at 663, 379 S.E.2d at 69. Here, the applicable statutes contain no similar language authorizing multiple recoveries. We conclude that plaintiffs were required to elect between the two remedies and we therefore vacate this portion of the trial court's order and remand for the plaintiffs to elect between the two awards.

[5] Defendant also contends that the trial court erred in refusing to offset the value plaintiffs received from use of the vehicle against the award of damages. As this is a matter of law, we review this contention *de novo*. At the time of the hearing, plaintiffs had driven the vehicle 87,000 miles since their purchase. The trial court calculated damages by calculating the difference between the amount paid and the vehicle's actual value, but did not offset the amount by the plaintiffs' use. Defendant cites *Taylor v. Volvo North America Corp.* in support of its argument that the court was required to offset for use. 339 N.C. 238, 451 S.E.2d 618 (1994). However, we read *Taylor* as supporting the actions of the trial court here. We note that *Taylor* involved the Warranties Act, N.C. Gen. Stat. § 20-351, and a leased car, rather than Chapter 75 and an owned vehicle, as here. *Id.* But *Taylor* did address the calculation of damages, holding that any benefit received must be deducted before trebling damages. *Id.* at 261, 451

**BLANKENSHIP v. TOWN & COUNTRY FORD, INC.**

[174 N.C. App. 764 (2005)]

S.E.2d at 631. And, in *Taylor*, the Court held that the benefit received was usage, as the car was leased. *Id.* However, the Court noted that in a case where the car is owned, the benefit is the value of the car. *Id.* (*citing Washburn*). Thus, under *Taylor*, the trial court calculated damages correctly here.

[6] Finally, defendant argues that the trial court erred in awarding unreasonable attorney fees. The trial court here awarded attorney fees to plaintiff pursuant to N.C. Gen. Stat. §§ 20-348(a)(2) and 75-16.1 Under N.C. Gen. Stat. § 75-16.1, a prevailing party may recover a reasonable attorney fee upon a finding by the trial court that "the party charged with the violation has willfully engaged in the act or practice, and there was an unwarranted refusal by such party to fully resolve the matter which constitutes the basis of such suit. . . ." N.C. Gen. Stat. § 75-16.1; *Barbee v. Atlantic Marine Sales & Serv.*, 115 N.C. App. 641, 648, 446 S.E.2d 117, 121, *disc. review denied*, 337 N.C. 689, 448 S.E.2d 516 (1994). The decision whether or not to award attorney fees under section 75-16.1 rests within the sole discretion of the trial judge. *Barbee* at 648, 446 S.E.2d at 121. And if fees are awarded, the amount also rests within the discretion of the trial court and we review such awards for abuse of discretion. *Shumaker v. Shumaker*, 137 N.C. App. 72, 78, 527 S.E.2d 55, 59 (2000). However, when awarding fees pursuant to N.C. Gen. Stat. § 75-16.1, the court must make specific findings of fact that the actions of the party charged with violating Chapter 75 were willful, that it refused to resolve the matter fully, and that the attorney fee was reasonable. *Barbee* at 648, 446 S.E.2d at 121-22. Here, the court made such findings. On appeal, the record must also contain findings regarding the attorney fees, such as: "findings regarding the time and labor expended, the skill required to perform the services rendered, the customary fee for like work, and the experience and ability of the attorney." *Id.* (internal citations omitted). Our review of the record reveals that the trial court made the requisite findings and we conclude that it did not abuse its discretion.

Affirmed in part.

Vacated and remanded in part.

Judges WYNN and STEELMAN concur.